■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATONYA DIXON, Appellant. [925 NYS2d 877]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ayres, J.), rendered November 9, 2007, convicting her of assault in the second degree, upon her plea of guilty, and imposing sentence. By decision and order of this Court dated June 16, 2009 (*see People v Dixon*, 63 AD3d 957 [2009]), the matter was remitted to the Supreme Court, Nassau County, to hear and report on the defendant's motion to withdraw her plea of guilty,

and the appeal was held in abeyance in the interim. The Supreme Court, Nassau County, issued an order dated July 27, 2009, granting the defendant's motion to withdraw her plea.

Motion by Martin Geduldig, counsel assigned to prosecute the appeal, to be relieved of the assignment on the ground that the appeal has been rendered academic. By decision and order on motion of this Court dated April 15, 2011, the parties were directed to show cause why the appeal should not be dismissed as academic and assigned counsel's motion to be relieved was held in abeyance. Presiding Justice Prudenti has been substituted for former Justice Howard Miller (*see* 22 NYCRR 670.1 [c]).

Upon the papers filed in support of the motion and the papers filed in relation thereto, upon the order to show cause, and no papers having been filed in relation thereto, it is

Ordered that the motions are granted; and it is further,

Ordered that the appeal is dismissed.

The only issue raised on this appeal is whether the Supreme Court erred in determining the defendant's motion for leave to withdraw her plea of guilty without a hearing after defense counsel adopted a position adverse to the defendant's position (*see People v Earp*, 7 AD3d 538, 539 [2004]; *People v Caccavale*, 305 AD2d 695 [2003]). Upon remittitur to the Supreme Court, Nassau County, the Supreme Court, by order dated July 27, 2009, granted the defendant's motion to withdraw her plea. Accordingly, this appeal has been rendered academic and must be dismissed. Prudenti, P.J., Rivera, Balkin and Austin, JJ., concur.